UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC-SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#:
DATE FILED: 12/8/2021

ALEKSANDR SHAMILOV

      Plaintiff,

   v.

CITY OF NEW YORK, et al.,

      Defendants.

No. 20-CV-10224 (RA)

ORDER OF SERVICE

RONNIE ABRAMS, United States District Judge:

  Because Plaintiff has been granted permission to proceed IFP, he is entitled to rely on the Court and the U.S. Marshals Service to effect service. *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP)). Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that the summons and complaint be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have served the summons and complaint until the Court reviewed the complaint and ordered that a summons be issued. The Court therefore extends the time to serve until 90 days after the date the summons is issued. If the amended complaint is not served within that time, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service); *see also Murray v. Pataki*, 378 F. App'x 50, 52 (2d Cir. 2010) ("As long as the [plaintiff proceeding IFP] provides the information necessary to identify the defendant, the Marshals' failure to effect service automatically constitutes 'good cause' for an extension of time within the meaning of

Rule 4(m).").

To allow Plaintiff to effect service on Defendants Kim Chan, Akeem Ayinde, Sanjeev Aggarwal, William Hernandez, Anne Mary Mukassa, Estella Dong, Vaneska Alexander Adams, Ira Elias, Roy Abir, Danita McGruder, William Marshal, and Harry Leonard through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for each of these defendants. The Clerk of Court is further instructed to issue a summons and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon these defendants.

The Clerk of Court is further instructed to complete the USM-285 forms with the addresses for Kim Chan, Akeem Ayinde, Sanjeev Aggarwal, William Hernandez, Anne Mary Mukassa, Estella Dong, Vaneska Alexander Adams, Ira Elias, Roy Abir, Danita McGruder, William Marshal, and Harry Leonard and deliver all documents necessary to effect service to the U.S. Marshals Service.

SO ORDERED.

Dated:   December 8, 2021
         New York, New York

_____
Ronnie Abrams
United States District Judge