

HON. SYLVIA O. HINDS-RADIX
*Corporation Counsel*

THE CITY OF NEW YORK
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

NICHOLAS SCHAEFER
Senior Counsel
Phone: (212) 356-3187
Fax: (212) 356-1148
E-mail: nschaefe@law.nyc.gov
*E-mail and Fax Not For Service*

September 16, 2022

**By ECF**
Honorable Ona T. Wang
United States Magistrate Judge
Southern District of New York
500 Pearl Street, Courtroom 20D
New York, New York 10007

Re: *Shamilov v. City of New York et al.*
20-cv-10224 (RA) (OTW)

Dear Judge Wang:

I am a Senior Counsel in the Office of Hon. Sylvia O. Hinds-Radix, Corporation Counsel of the City of New York, attorney for the City of New York ("City") and the individually-named defendants who have been served in the above-referenced action. Currently, this matter is scheduled for an initial conference on September 20, 2022 at 11:30 a.m. See ECF Dkt. No. 111. I write to request a stay of discovery and an adjournment of this conference in light of pending dispositive motion practice.

On December 17, 2021, the City filed a motion to dismiss the amended complaint. Thereafter, plaintiff served the amended complaint upon eleven of the individually-named defendants and this office commenced representation of those individuals. The undersigned then requested leave to move to dismiss the amended complaint on behalf of the individual defendants. This Court denied the pending motion as moot, and set a briefing schedule for a revised motion. See ECF Dkt. Nos. 110, 116-117.

Defendants request a stay of any discovery pending the disposition of their motion to dismiss because they have substantial grounds for their motion. See Johnson v. N. Y. Univ. Sch. of Educ., 205 F.R.D. 433, 434 (S.D.N.Y. 2002); see also D.L. Cromwell Invs., Inc. v. NASD Regulation, Inc., No. 02 CV 3823 (LAK), 2002 U.S. Dist. LEXIS 11937, *2 (S.D.N.Y. 2002). In addition to the defendants' general arguments against the complaint that plaintiff has failed to plead sufficient facts for viable discrimination, hostile work environment, and retaliation claims,

plaintiff's amended complaint seeks to bring several causes of action which are defective on their face, such as his attempts to bring § 1981 claims against state actors. See Duplan v. City of N.Y., 888 F.3d 612 (2d Cir. 2018). He also attempts to sue municipal employees under the Religious Freedom Restoration Act, which does not apply to state or local governments. See City of Boerne v. Flores, 521 U.S. 507, 525-27 (1997). Plaintiff also seeks to sue eleven defendants in their individual capacity, despite making almost no allegations whatsoever against approximately half of them, let alone sufficient allegations against all of them. Last, the amended complaint relies upon a nearly 80-page Statement of Facts, which is almost a textbook definition of the type of pleading Rule 8(a) was designed to preclude. See Miller v. Citicorp, No. 95-cv-9728, 1997 U.S. Dist. Lexis 2395 at *29 (S.D.N.Y. 1997). Moreover, the 80-page statement of facts and Plaintiff's pro se status clearly suggests that discovery in this action will be onerous and time consuming. Given the substantial grounds for defendants' motion, discovery should be stayed.

In the event the motion is not granted in its entirety, we submit the stay would still be appropriate, as the scope of discovery could still be significantly impacted by even partial dismissal of plaintiff's complaint. Accordingly, we also submit this application to adjourn the upcoming initial conference scheduled for September 20, 2022 at 11:30 a.m. See ECF Dkt. No. 111.

This is the defendants' first such request for this relief. We have requested plaintiff's consent for this application and allowed as much time as we were able to await his response. Consistent with this Court's rules, we propose that the initial conference be adjourned until motion practice has concluded.

Thank you for your consideration of this request.

Respectfully Submitted,
s/ *Nicholas Schaefer*
Nicholas Schaefer
Senior Counsel

cc via ECF:

Aleksandr Shamilov
*Plaintiff Pro Se*

Adjournment denied; the Court will address the request to stay discovery and other scheduling and timing issues at tomorrow's conference. If Plaintiff has a proposed case management plan, he should file it on the docket ASAP. So ordered.

19 Sep 2022