UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------x

ALEKSANDR SHAMILOV,

        Plaintiff,

   -v-                                            No.   20-CV-10224-LTS

CITY OF NEW YORK et al.,

        Defendants.

----------------------------------------------------------x

MEMORANDUM ORDER

        Plaintiff, who is appearing pro se, brings this employment discrimination action against the City of New York (the "City") and various City employees in their individual and official capacities (collectively, the "Defendants"). Plaintiff alleges that Defendants violated federal, state, and City law in connection with his former employment as a probationary City Tax Auditor with the New York City Department of Finance ("DOF").[1] Before the Court is the City's Motion to Dismiss (docket entry nos. 148-49) Plaintiff's Amended Complaint (docket entry no. 29 (the "Amended Complaint")) for failure to state a claim upon which relief can be granted, pursuant to Federal Rule of Civil Procedure 12(b)(6). Plaintiff has also filed two additional letter motions, seeking to supplement the Amended Complaint (docket entry no. 160) and to "add back" certain claims (docket entry no. 163), both of which are opposed by the City (docket entry nos. 161, 164).

        The Court has jurisdiction of this action pursuant to 28 U.S.C. sections 1332 and 1367. The Court has carefully reviewed the parties' submissions, and, for the following reasons,

---

[1]     The DOF was terminated from this action on September 23, 2021.

the Motion to Dismiss is granted in part and denied in part, and Plaintiff's letter motions are denied.

BACKGROUND

Using the Court's Employment Discrimination Form Complaint, Plaintiff initiated this action against the City and the DOF on December 3, 2020 (see docket entry no. 1 (the "Original Complaint")). In the Original Complaint, Plaintiff asserted claims under Title VII of the Civil Rights Act of 1964 ("Title VII") based on Plaintiff's race, religion, and national origin, 42 U.S.C. section 1981 ("Section 1981") based on Plaintiff's race, and the New York State Human Rights Law ("NYSHRL") and the New York City Human Rights Law ("NYCHRL") based upon the same alleged discrimination.[2] (Original Complaint at 3-4.)

On June 24, 2021, the City moved pursuant to Federal Rule of Civil Procedure 12(b)(6) to dismiss Plaintiff's Original Complaint for failure to state a claim upon which relief may be granted. (See docket entry nos. 18-20.) In response, Plaintiff filed his Amended Complaint on September 23, 2021, expanding his claims under Title VII to allege discrimination based on race, color, religion, sex, and national origin, and adding claims under the Religious Freedom Restoration Act ("RFRA") and the whole of 42 U.S.C. Chapter 21, in addition to the claims asserted in the Original Complaint. Plaintiff omitted the DOF from the list of named Defendants in the Amended Complaint, but added thirteen individual defendants in their individual and official capacities (collectively, the "Individual Defendants"), all of whom are alleged to be current or former employees of the DOF. (Amended Complaint at 4-5.) On April 12, 2023, following service of the Amended Complaint on all of the Individual Defendants who

---

[2]   Plaintiff also indicated that he was asserting "Other" claims, but did not specify which additional federal, state, or local laws he believed had been violated.

remain party to this action, Defendants filed a revised Motion to Dismiss the Amended Complaint, again on Rule 12(b)(6) grounds.[3] (Docket entry nos. 148-49).

Although the Motion was fully briefed following the filing of Defendants' Reply Memorandum on June 15, 2023 (docket entry no. 157), Plaintiff twice wrote to the Court in the subsequent months, requesting that the Court consider information about additional actions taken by the DOF since Plaintiff's filing of the Amended Complaint that Plaintiff asserts are related instances of retaliation and discrimination (docket entry no. 160 at 1-3); and requesting permission to "add back" his claims under Section 1981, which he purportedly withdrew in his opposition briefing (docket entry no. 163 at 2; docket entry no. 155 ("Pl. Mem.") at 13 ("Plaintiff concedes on the Section 1981 argument.")).  The Court was notified on January 8, 2024, that mediation between the parties had been unsuccessful in resolving any issue in this action.

## DISCUSSION

To survive a motion to dismiss pursuant to Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  This requirement is satisfied when the factual content in the complaint "allows the court to draw the reasonable inference that the defendant is liable for the misconduct

---

[3] Defendants initially filed a motion to dismiss the Amended Complaint on December 17, 2021 (docket entry no. 42), but filed a revised motion with leave of Court in September of 2022 (docket entry no. 125) following service of the Amended Complaint on a subset of the Individual Defendants.  Defendants subsequently filed the pending, revised Motion, again with leave of Court, in order to include arguments regarding the last individual defendant served in the case, Kin Chan.  (See docket entry no. 149 ("Defs. Mem.") at 4-5 n.2 (explaining timeline of motion practice).)  Defendant Danita McGruder was dismissed from this action on August 1, 2022, following notice by Plaintiff that he did not intend "to pursue this case against Danita McGruder[.]" (Docket entry no. 112.)

alleged." Iqbal, 556 U.S. at 678 (citation omitted).  In reviewing a motion filed pursuant to Rule 12(b)(6), the court "may consider any written instrument attached to the complaint, statements or documents incorporated into the complaint by reference . . . and documents possessed by or known to the plaintiff and upon which [the plaintiff] relied in bringing the suit." ATSI Commc'ns, Inc. v. Shaar Fund, Ltd., 493 F.3d 87, 98 (2d Cir. 2007).  "In deciding a Rule 12(b)(6) motion, a court assumes the truth of the [well-pleaded] facts asserted in the complaint and draws all reasonable inferences from those facts in favor of the plaintiff." Sara Designs, Inc. v. A Classic Time Watch Co. Inc., 234 F. Supp. 3d 548, 554 (S.D.N.Y. 2017) (citing Harris v. Mills, 572 F.3d 66, 71 (2d Cir. 2009)).

Plaintiff appears pro se, and thus the Court is obliged to construe his pleadings liberally, Harris, 572 F.3d at 72, and to interpret them "to raise the strongest [claims] that they suggest," Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 476 (2d Cir. 2006) (citation omitted).  But the "special solicitude" in pro se cases, id. at 477 (citation omitted), has its limits—to state a claim, pro se pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.[4]

Preliminary Issues

The Court turns briefly to certain preliminary arguments raised by the parties in their submissions: the naming of the DOF as a defendant, and the propriety of Plaintiff's claims under RFRA and Section 1981.

---

[4]  Because Plaintiff is proceeding in forma pauperis ("IFP"), the Court must dismiss the complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B); see Livingston v. Adirondack Beverage Co., 141 F.3d 434, 437 (2d Cir. 1998).

<u>DOF and Official-Capacity Claims against Individual Defendants</u>

The DOF was terminated from this action on September 23, 2021, following the filing of Plaintiff's Amended Complaint in which the DOF was not named as a defendant in the caption (see Amended Complaint at 1) nor in the list of "Additional Defendants" detailed by Plaintiff (see docket entry no. 29-1 ("Pl. Exhibit 1") at 4-5). The City nevertheless argues in its Motion to Dismiss that "the DOF is not a suable entity and must be dismissed from this action" (Defs. Mem. at 9), which Plaintiff indicated he was "ready to concede" in his opposition briefing (Pl. Mem. at 13).

"With respect to <u>pro se</u> litigants, 'courts have found <u>pro se</u> complaints to sufficiently plead claims against defendants not named in the caption when there are adequate factual allegations to establish that the plaintiff intended them as defendants.'" <u>Perez v. Ponte</u>, 236 F. Supp. 3d 590, 599 n.2 (E.D.N.Y. 2017) (citations omitted), <u>report and recommendation adopted</u>, 2017 WL 1050109 (E.D.N.Y. March 15, 2017)).

As Defendants argue, Plaintiff cannot sue the DOF directly, because an agency of the City of New York is not an entity that can be sued. N.Y.C. CHARTER § 396 ("[A]ll actions and proceedings for the recovery of penalties for the violation of any law shall be brought in the name of the city of New York and not in that of any agency, except where otherwise provided by law."); <u>Jenkins v. City of New York</u>, 478 F.3d 76, 93 n.19 (2d Cir. 2007); <u>see</u> <u>also</u> <u>Emerson v. City of New York</u>, 740 F. Supp. 2d 385, 395-966 (S.D.N.Y. 2010) ("[A] plaintiff is generally prohibited from suing a municipal agency." (citations omitted)).

Furthermore, to the extent that Plaintiff names current or former DOF employees in the Amended Complaint as defendants in their "official" capacity, the claims are in effect brought against the City. See <u>Reynolds v. Giuliani</u>, 506 F.3d 183, 191 (2d Cir. 2007) ("An official capacity suit against a public servant is treated as one against the governmental entity

itself." (citations omitted)); Aikman v. Cnty. of Westchester, 491 F. Supp. 2d 374, 380 (S.D.N.Y. 2007) ("Suits against [municipal] officials sued in their official capacity . . . should be treated as suits against the [municipality]." (citation omitted)).  Because the City has been named as a defendant in this action for what appears to be the same conduct, all claims against the Individual Defendants in their official capacity are duplicative.  See Quinn v. Gould, No. 19-cv-820-VAB, 2020 WL 1234553, at *4 (D. Conn. Mar. 13, 2020) ("[D]istrict courts within the Second Circuit consistently dismiss claims asserted against officials in their official capacities as duplicative where the plaintiff has named the municipal entity as a defendant.") (citations omitted)).

Plaintiff's claims against the DOF, and all claims against the Individual Defendants in their official capacity, are therefore dismissed without prejudice to pursuit of the claims as ones against the City of New York, which is already named as a defendant.

RFRA

Plaintiff asserts claims under RFRA in the Amended Complaint (Amended Complaint at 4), which the City argues must be dismissed because Defendants are not subject to RFRA.  (Defs. Mem. at 6.)  In 1997, the Supreme Court struck down RFRA as applied to state and local governments.  Gardner-Alfred v. Fed. Rsrv. Bank of N.Y., 651 F. Supp. 3d 695, 703 n.2 (S.D.N.Y. 2023) (citing City of Boerne v. Flores, 521 U.S. 507 (1997)). Plaintiff concedes this point as well.  (Pl. Mem. at 13.)

Plaintiff's claims under RFRA must be dismissed as against all Defendants.  The RFRA claims are dismissed with prejudice.

Plaintiff's Claims Under 42 U.S.C. § 1981

In his Amended Complaint, Plaintiff also asserts Section 1981 claims against the City and all of the Individual Defendants.  (Amended Complaint at 4.)  Defendants move to dismiss these claims, arguing that state actors must be sued under 42 U.S.C. section 1983

("Section 1983"), rather than Section 1981. (Defs. Mem. at 5-6.) Although Plaintiff initially conceded this point in his opposition briefing (Pl. Mem. at 13), Plaintiff wrote to the Court on September 12, 2023 (docket entry no. 163), requesting that the Court "add back" his claims under Monell v. Dep't of Soc. Servs., 436 U.S. 658 (1978), and Section 1981.[5] Plaintiff's request, insofar as it seeks to restore his claims under Section 1981, is denied.

As the City notes, Section 1981 "does not provide a separate private right of action against state actors." Duplan v. City of New York, 888 F.3d 612, 621 (2d Cir. 2018). "When [a] claim is pressed against a state actor[,]" Section 1983 "provides the exclusive federal damages remedy for the violation of the rights guaranteed by § 1981." Jett v. Dallas Indep. Sch. Dist., 491 U.S. 701 (1989). This bar has been interpreted to apply to Section 1981 claims brought against both municipalities and individual municipal employees, regardless of whether such individual employees are sued in their official or individual capacities. See Gonzalez v. City of New York, 377 F. Supp. 3d 273, 284-85 (S.D.N.Y. 2019). Plaintiff's Section 1981 claims must therefore be dismissed with prejudice as against all Defendants.

The Court construes the Amended Complaint liberally, as asserting claims under Section 1983 against the City of New York and the Individual Defendants. It must be noted, however, that, when a plaintiff sues a municipality under Section 1983, it is not enough for the plaintiff to allege that one of the municipality's employees or agents engaged in some wrongdoing. The plaintiff must show that the municipality itself caused the violation of the plaintiff's rights. See Connick v. Thompson, 131 S. Ct. 1350, 1359 (2011) ("A municipality or

---

[5]  Neither Plaintiff's Amended Complaint nor his opposition briefing contains any mention of Monell. (See generally Amended Complaint; Pl. Mem.) Monell allows for municipal liability under Section 1983—not Section 1981—in appropriate circumstances. Plaintiff's initial waiver of his Section 1981 claims in his opposition briefing thus has no bearing on any purported claims under Section 1983.

other local government may be liable under this section [1983] if the governmental body itself 'subjects' a person to a deprivation of rights or 'causes' a person 'to be subjected' to such deprivation.") (quoting Monell, 436 U.S. at 692)); Cash v. Cnty. of Erie, 654 F.3d 324, 333 (2d Cir. 2011).  Thus, to state a Section 1983 claim against a municipality, the plaintiff must allege facts showing (1) the existence of a municipal policy, custom, or practice, and (2) that the policy, custom, or practice caused the violation of the plaintiff's constitutional rights.  See Jones v. Town of East Haven, 691 F.3d 72, 80 (2d Cir. 2012); Bd. of Cnty. Comm'rs of Bryan Cnty. v. Brown, 520 U.S. 397, 403 (1997) (internal citations omitted).  Plaintiff's Amended Complaint does not appear to allege facts identifying such a policy, custom, or practice and will therefore be dismissed without prejudice to the filing of a Second Amended Complaint which may assert section 1983 claims in a manner consistent with the discussion below.

To state a Section 1983 claim upon which relief may be granted as to individual defendants, a plaintiff must, among other things, allege facts indicating that the individual has personally been involved in a violation of the plaintiff's constitutional rights.  See Spavone v. N.Y. State Dep't of Corr. Serv., 719 F.3d 127, 135 (2d Cir. 2013) (citation omitted).  As noted in the following section, Plaintiff's Amended Complaint is 247 pages long and therefore violates Federal Rule of Civil Procedure 8, which requires that pleadings be short and plain.  The Amended Complaint will be dismissed for failure to comply with Rule 8 and the Court will consider the sufficiency of any claims that Plaintiff asserts against individual defendants when it reviews any further amended pleading that Plaintiff may file.

Plaintiff's Remaining Claims – Rule 8 Pleading Standards

Along with its arguments on the merits, the City moves to dismiss the Complaint for failure to conform with Rule 8(a) of the Federal Rules of Civil Procedure.  (Defs. Mem. at 6-9.)  Rule 8(a)(2) requires that a pleading contain "a short and plain statement of the claim

showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). "A complaint fails to comply with Rule 8(a)(2) if it is 'so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised.'" Strunk v. U.S. House of Representatives, 68 F. App'x 233, 235 (2d Cir. 2003) (quoting Salahuddin v. Cuomo, 861 F.2d 40, 42 (2d Cir. 1988)). "When a complaint does not comply with the requirement that it be short and plain, the court has the power, on its own initiative or in response to a motion by the defendant, to strike any portions that are redundant or immaterial . . . or to dismiss the complaint." Salahuddin, 861 F.2d at 42 (citing FED. R. CIV. P. 12(f)). Rule 8 applies to all litigants, including those proceeding pro se. See Barsella v. United States, 135 F.R.D. 64, 66 (S.D.N.Y. 1991) (stating that the policy requiring courts to liberally construe pro se complaints "does not mandate that a court sustain every pro se complaint even if it is incoherent, rambling, and unreadable" (citation omitted)).

In this case, Plaintiff has expanded his Original Complaint, which totaled twenty-eight pages with exhibits included, to an unmanageable 247 pages in total. In addition to the nine-page Form Employment Discrimination Complaint—which Plaintiff has amended to assert new claims and to add the thirteen Individual Defendants—Plaintiff has included roughly seventy-eight pages of additional material labelled as the "Amended Complaint." (See Pl. Exhibit 1.) Although Plaintiff labeled a twenty-page portion of the filing as the "Statement of Facts" (id. at 12-30), factual allegations, many of which are repeated, redundant, and of questionable relevance, are strewn throughout the remainder of the seventy-eight pages. Plaintiff has supplemented this already voluminous material with an additional fifty-eight numbered exhibits (id. at 1-3 (providing list of labeled exhibits)), some of which include handwritten notes and highlighting.

Throughout the course of the instant motion practice, Plaintiff has sought to have still more material considered as part of the operative complaint. (See, e.g., docket entry no. 51

(granting approval of 7-page supplement); Pl. Mem. at 2 (asking Court to "read any new additional facts asserted" in 42-page opposition "as supplementing the operative complaint").) Most recently, on July 7, 2023, Plaintiff wrote to the Court requesting that the Court "consider" an additional ten pages of documents for his case, along with a three-page letter providing context, although Plaintiff paradoxically asserts in the letter request that the information is "Not Material" and "does not warrant amending the case" (docket entry no. 160 at 1).[6]

        The sum of these filings, nearly 300 pages of documents if the Court were to consider all materials submitted by Plaintiff, is neither short nor plain.  Plaintiff frequently diverges from material factual allegations to engage in "frolics into seemingly irrelevant materials [which] inhibit the Court and Defendants' ability to understand the nature of many of the issues he has raised." Komatsu v. City of New York, No. 20-CV-7046-ER, 2021 WL 3038498, at *5 (S.D.N.Y. July 16, 2021).  It "is precisely the sort of pleading that leaves the [Court and Defendants] forced to select the relevant material from a mass of verbiage," id. at *5 (internal quotation marks and citation omitted).  In light of these defects, the Court finds that dismissal pursuant to Rule 8 is warranted at this time.  See, e.g., Mendes Da Costa v. Marcucilli, 675 F. App'x 15, 17 (2d Cir. 2017) (affirming dismissal of pro se complaint where amended complaint was "nearly 50 pages long, with hundreds of pages of exhibits").

Instructions for Further Amendment

        In recognition of the "special solicitude" afforded pro se litigants, the Court grants Plaintiff sixty (60) days' leave to file a Second Amended Complaint that complies with Rule 8(a)

---

[6] In light of the dismissal of the Amended Complaint on Rule 8(a) grounds, this request is denied as moot.  To the extent the allegations detailed in the letter motion are relevant to the claims asserted in Plaintiff's Amended Complaint, he may include such allegations in a Second Amended Complaint in a manner consistent with the instructions set forth below.

of the Federal Rules of Civil Procedure. Plaintiff is warned that, if he does not file such a Second Amended Complaint within the time allowed, the Court will direct the Clerk of Court to enter judgment dismissing this action.

If Plaintiff elects to file a Second Amended Complaint, he must limit it to 30 pages of double-spaced text, refrain from using attachments or exhibits, and name as individual defendants only those persons who had some personal involvement in the alleged violations. See Ashcroft v. Iqbal, 556 U.S. 662, 676 (2009) ("[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, violated the Constitution."); Tangreti v. Bachmann, 983 F.3d 609, 620 (2d Cir. 2020) (To hold a state or federal official liable in a civil rights complaint, "a plaintiff must plead and prove the elements of the underlying constitutional violation directly against the official[.]"). As explained above, if Plaintiff renews his Section 1983 claim against the City, he must both identify a violation of the Constitution or federal law and allege facts demonstrating that the violation was the product of a City policy, custom, or practice.

Plaintiff is also directed to present his factual allegations in numbered paragraphs that are organized chronologically. Each paragraph should be concise, and should state (1) what is alleged to have occurred; (2) where possible, the date and location where the action is alleged to have occurred; (3) which of the defendants is responsible for the alleged action; and (4) how the alleged action is related to a deprivation of the Plaintiff's rights. Plaintiff should confine his factual allegations to this numbered, chronologically organized list, and should be mindful that he need not submit evidence at this stage in the litigation. Essentially, Plaintiff's amended complaint should tell the Court: who violated his federally protected rights and how; when and where such violations occurred; and why Plaintiff is entitled to relief. Because Plaintiff's Second Amended Complaint will completely replace, not supplement, the Original and the first

Amended Complaint, any facts or claims that Plaintiff wants to include from the Original or first Amended Complaint must be repeated, clearly and briefly, in the Second Amended Complaint.

Plaintiff has made strides in his opposition briefing toward paring back the overwhelming amount of information set forth in the Amended Complaint. (See generally Pl. Mem.) The Court encourages Plaintiff to ask for assistance from someone who can help him further organize his thoughts and claims. Plaintiff may consider contacting the New York Legal Assistance Group's ("NYLAG") Clinic for Pro Se Litigants in the Southern District of New York, which is a free legal clinic staffed by attorneys and paralegals to assist those who are representing themselves in civil lawsuits in this Court. The clinic is run by a private organization; it is not part of, or run by, the Court. It cannot accept filings on behalf of the Court, which must still be made by any pro se party through the Pro Se Intake Unit. A copy of the flyer with details of the clinic is attached to this Memorandum Order.

CONCLUSION

Plaintiff's claims under 42 U.S.C. section 1981 and the Religious Freedom Restoration Act are dismissed with prejudice pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. His claims against Department of Finance employees in their official capacity and any claims against the Department of Finance itself are also dismissed without prejudice to assertion of the claims as ones against the City of New York.

The remainder of Plaintiff's claims are dismissed for violation of Rule 8(a). Plaintiff is, however, granted sixty (60) days' leave to file a Second Amended Complaint, which must comply with the page limit, format requirements, and legal principles set forth in this Memorandum Order. If Plaintiff fails to comply within the time allowed (i.e., by April 22, 2024), and he cannot show good cause to excuse such failure, the Court will direct the Clerk of

Court to enter judgment consistent with this order, dismissing all of Plaintiff's claims with prejudice.

Plaintiff's requests by letter motion (docket entry nos. 160, 163) are denied for the reasons stated above.

The Court certifies under 28 U.S.C. section 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. Cf. Coppedge v. United States, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

Docket entry nos. 148, 160, and 163 are resolved. The Clerk of Court is respectfully directed to mail a copy of this Memorandum Order to Plaintiff with a copy of the NYLAG brochure and note service on the docket.

SO ORDERED.

Dated: February 21, 2024
      New York, New York

      /s/ Laura Taylor Swain
      LAURA TAYLOR SWAIN
      Chief United States District Judge